UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
ANA LAURA BONVECCHI, et al.,                  :
                                              :
                    Plaintiffs,               :
                                              :    15 Civ. 01718 (TPG)
         v.                                   :
                                              :
THE REPUBLIC OF ARGENTINA,                    :
                                              :
                    Defendant.                :
------------------------------------------------------------------------X

**MEMORANDUM OF LAW OF THE REPUBLIC OF ARGENTINA IN OPPOSITION TO MOVING PLAINTIFFS' "ME TOO" MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant the Republic of Argentina (the "Republic") submits this memorandum of law in opposition to Moving Plaintiffs'[1] motion for partial summary judgment, dated October 21, 2015, seeking relief in connection with the *pari passu* clause relating to their purported holding of $10,602,702 in principal of outstanding Republic debt.  That number, of course, does not include millions more in pre- and post-judgment interest.

So as not to burden the Court with repetitive briefing, and to preserve all arguments for any future appellate review, the Republic incorporates the arguments set forth in its Memorandum of Law in Opposition to Motions by 526 Plaintiffs in 37 Actions Seeking Partial Summary Judgment, attached as Exhibit A to the Declaration of Elizabeth C. Block ("Block Decl."). For the reasons set forth there, and incorporated here, the Republic continues to oppose the entry of partial summary judgment.

As a threshold matter, Moving Plaintiffs' motion should be rejected because they have failed to present sufficient evidence that they currently own the bonds that they purport to

---

[1] "Moving Plaintiffs" has the same meaning as identified in the Notice of Motion by Moving Plaintiffs for Partial Summary Judgment, filed on October 21, 2015, in this action.

hold. As this Court has consistently held and recently reiterated, Moving Plaintiffs' counsel's "information and belief" as to Moving Plaintiffs' purported bond holdings, *see* Decl. of Michael C. Spencer ¶ 52, *Bonvecchi, et al. v. Republic of Argentina*, No. 15 Civ. 1718 (TPG) (S.D.N.Y. Oct. 21, 2015), ECF No. 9 ("Spencer Decl."), is insufficient evidence to establish that Moving Plaintiffs hold the bonds they allege to hold in the amounts that they claim. Indeed, this Court has "consistently required more" than declarations or affidavits and has only "been satisfied where the plaintiff supplements its sworn declarations *with a recent account statement from the bank holding the bonds*." *NML Capital, Ltd. v. Republic of Argentina*, No. 14 Civ. 8601 (TPG), 2015 WL 3542535, at *7 (S.D.N.Y. June 5, 2015) (emphasis added) (citing, *inter alia*, *Mazzini v. Republic of Argentina*, No. 03 Civ. 8120 (TPG), 2005 WL 743090, at *4 (S.D.N.Y. Mar. 31, 2005), *aff'd*, 282 F. App'x 907 (2d Cir. 2008)); *see also Capital Ventures Int'l v. Republic of Argentina*, No. 05 Civ. 4085 (TPG), 2010 WL 1257611, at *5 (S.D.N.Y. Mar. 31, 2010) ("As a general matter, over the course of the Argentina bond default litigation, this court has required account statements and/or certifications from brokers and banks to make a finding of current ownership of beneficial interests." (citation omitted)); Hanly Decl. Ex. T, *NML Capital, Ltd. v. Republic of Argentina*, No. 14 Civ. 8601 (TPG) (S.D.N.Y. Mar. 17, 2015) (Memorandum of Hon. Judge Thomas P. Griesa to Counsel (S.D.N.Y. Feb. 22, 2007) (plaintiffs must submit evidence sufficient to prove their ownership of beneficial interests in Republic debt)).

    A list of supposed bond holdings of Moving Plaintiffs' counsel's *own* making, not issued by a bank in the ordinary course, *see* Spencer Decl. Ex. 59, does not satisfactorily prove that Moving Plaintiffs continue to own these bonds. *See Mercado v. U.S. Customs Serv.*, 873 F.2d 641, 645 (2d Cir. 1989) (where a "claimant is available to verify his own claim, he should not be permitted to rely upon a hearsay and conclusory verification by his lawyer"). Moving

Plaintiffs' counsel's exhibit itself proves the unreliability of non-ordinary course bank statements, as it appears that several of the bond identification numbers ("ISINs") purportedly held by Moving Plaintiffs do not match those ISINs those Moving Plaintiffs purported to hold when judgment was entered in their favor. The Republic has identified at least three such discrepancies among the Moving Plaintiffs. *See, e.g.*, Judgment, *Bechara, et al. v. Republic of Argentina*, No. 05 Civ. 3825 (TPG) (S.D.N.Y. Oct. 26, 2007), ECF No. 24 (indicating, *inter alia*, that judgment was entered for plaintiff Jorge Bechara on bonds with ISIN US040114GF14 *not* US040114AV28, as indicated in Moving Plaintiffs' counsel's Exhibit 59); *id.* (indicating, *inter alia*, that judgment was entered for plaintiffs Hector Pedro Jordan Bergonzi and Angelica Eva Fernandez on bonds with ISIN US040114AN02 *not* US040114AV28, as indicated in Moving Plaintiffs' counsel's Exhibit 59); Judgment, *Arrigoni, et al. v. Republic of Argentina*, No. 05 Civ. 2275 (TPG) (S.D.N.Y. Oct. 1, 2009), ECF No. 27 (indicating, *inter alia*, that judgment was entered for plaintiffs Carlos Enrique Gonzalez, Leslie Mable Maragliano, Carlos Hernan Gonzalez, and Gustavo Eduardo Gonzalez on bonds with ISIN US040114AR16 *not* US040114AN0, as indicated in Moving Plaintiffs' counsel's Exhibit 59). Clearly, recent account statements issued by a bank in the ordinary course, which list both the ISIN number and principal amount of bonds, are the only reliable way to establish that the Moving Plaintiffs continue to own these bonds.[2]

---

[2] Moreover, although Moving Plaintiffs previously submitted documentation in seven underlying actions, indicating that as of varying dates between 2003 and 2008, *i.e.*, between seven and twelve years ago and prior to the Republic's 2010 exchange offering, *see* Republic of Argentina, Annual Report (Form 18-K) (Oct. 1, 2010) at 17, http://www.sec.gov/Archives/edgar/data/914021/000090342310000550/roa-18k_0927.htm, they owned beneficial interests in certain FAA bonds, Moving Plaintiffs have failed to submit ordinary course bank statements supporting their assertions that they *continue* to own these bonds. *Colella v. Republic of Argentina*, No. 04 Civ. 2170 (TPG), 2006 WL 399449, at *2 (S.D.N.Y. Feb. 21, 2006) (denying summary judgment where purported proof of ownership was dated five months before motion was filed).

3

These genuine issues of material fact preclude summary judgment, and Moving Plaintiffs' motion should therefore be denied on this basis alone. *Giannullo v. City of New York*, 322 F.3d 139, 140-41 (2d Cir. 2003) ("[W]here the movant fails to fulfill its initial burden or providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, even if no opposing evidentiary matter is presented, for the non-movant is not required to rebut an insufficient showing." (internal citations and punctuation omitted)).

Second, Moving Plaintiffs' motion is barred by the doctrines of res judicata and merger. Moving Plaintiffs filed their first complaints in seven underlying actions seeking payment on their FAA bonds between 2003 and 2006 and obtained final judgments between 2004 and 2009. Now, in this second action, Moving Plaintiffs bring claims seeking to enforce a contractual provision that they could have brought in their prior cases and request the very same relief that they have already reduced to judgment – payment in full on their debt. Res judicata and merger bar precisely these types of duplicative claims. *See* Block Decl. Ex. A at 13-24.

Finally, summary judgment is not warranted based on Moving Plaintiffs' misreading of the *pari passu* clause. And as the Republic warned in its prior briefing:

> Not only would these injunctions be impossible to comply with, but the flood of "me toos" demonstrates that if the Court grants the motions, the numbers at issue will only increase still further (there are $10 billion in judgments and claims in this Court alone), making compliance even more unattainable. No country the size of Argentina could afford to pay that amount without subjecting its economy and citizens to an unacceptable degree of catastrophic risk.

Block Decl. Ex. A at 3. Moving Plaintiffs' motion here only further support the Republic's forewarning.

For these reasons, and for the other reasons set forth in Exhibit A and incorporated here, Moving Plaintiffs' motion for partial summary judgment should be denied.

Dated: New York, New York
November 9, 2015

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:      /s/ Carmine Boccuzzi
    Jonathan I. Blackman (jblackman@cgsh.com)
    Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina

Of Counsel:

Elizabeth C. Block